**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5126-18T2

D'ANDREA CONSTRUCTION
CO., CERTAIN UNDERWRITERS
AT LLOYD'S OF LONDON
SUBSCRIBING TO POLICY
NUMBER 576/UH7317100, AND
ASPEN INSURANCE UK LIMITED,

    Plaintiffs-Appellants,

v.

OLD REPUBLIC GENERAL
INSURANCE CORP.,
PENNSYLVANIA MUTUAL
CASUALTY INSURANCE
COMPANY, a/k/a and d/b/a PENN
NATIONAL, 21ST CENTURY
PINNACLE INSURANCE CO.,
f/k/a AMERICAN INTERNATIONAL
INSURANCE COMPANY OF NEW
JERSEY, NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA, NORTH
RIVER INSURANCE
COMPANY, EVEREST
NATIONAL INSURANCE CO.,

    Defendants-Respondents.

_____

Argued September 23, 2020 – Decided November 4, 2020

Before Judges Fuentes, Whipple and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0023-13.

Todd A. Rossman argued the cause for appellants (Rossman Law Firm, LLC, attorneys; Todd A. Rossman, of counsel and on the briefs).

Gary S. Kull argued the cause for respondents (Kennedys CMK, LLP, attorneys; Gary S. Kull and Alexa J. Nasta Schmid, of counsel and on the brief).

PER CURIAM

Plaintiffs D'Andrea Construction Company (D'Andrea), Certain Underwriters at Lloyd's of London (Lloyd's) and Aspen Insurance UK Limited (Aspen) appeal from a March 26, 2019, order denying their motion for summary judgment and granting defendant Everest National Insurance Company's (Everest) cross-motion for summary judgment. The issue in dispute is whether Everest is responsible for the costs of defense and indemnification of a settlement for a personal injury claim. We affirm for the reasons expressed by Judge Mary Thurber in her thorough written opinion analyzing the relevant automobile insurance policy, and her factual findings, which are supported by the record.

D'Andrea was the general contractor for a construction project at Cumberland Regional High School. D'Andrea retained Thomas Lindstrom Steel & Company (Lindstrom) as a steel subcontractor for the project. On August 19, 2008, Craig Crumley, a Lindstrom employee, was injured at the job site during an accident after Martin Bianco, another Lindstrom employee, arrived driving a Lindstrom flatbed truck loaded with two welding machines, one new welder on the truck's flatbed, and another attached to a hitch in the back of the truck. Bianco was delivering two new welding machines to the site and retrieving two old machines to return to Lindstrom and needed help loading and unloading the welders.

Bianco drove the truck to where one of the old welders was to be swapped with a new welder. Bianco and Crumley dropped off the new welder that was attached to the truck and placed the old welder on the hitch without incident.

Bianco then tried to drive to the other old welder, but the ground was too rough and there wasn't enough room for the truck. Crumley asked a D'Andrea employee, Paul Monitzer, to assist with the removal of the welders using a backhoe. Bianco moved the truck to level ground where the second new welder could be removed. Monitzer, using the backhoe, took the new welder and transported it across the uneven terrain where the truck could not go to the

3

second old welder. Once the new welder was placed, Crumley set up the old welder to be moved. Monitzer then used the backhoe to lift the old welder, weighing approximately 700 pounds, off the ground, while Crumley held a chain to prevent the welder from swinging. As Monitzer and Crumley were traveling toward the Lindstrom truck, Monitzer's backhoe struck Crumley's foot and leg, causing injuries.

In 2009, Crumley filed a lawsuit against D'Andrea, Monitzer, and various fictitious individuals and corporations. ACE American Insurance Company (ACE) insured D'Andrea under a primary Comprehensive General Liability Policy and defended both D'Andrea and Monitzer against the lawsuit. The excess policy was provided by plaintiffs Lloyd's and Aspen. In 2012, ACE, Lloyd's and Aspen agreed to settle Crumley's claims for $5,800,000.

On December 31, 2012, D'Andrea, Lloyd's and Aspen filed a complaint for declaratory judgment against four of D'Andrea's and Lindstrom's auto insurers, seeking reimbursement for the monies contributed to Crumley's settlement. Everest was not named as a defendant until December 2015, more than seven years after the accident, almost four years after settlement, and three years after plaintiffs filed this most recent declaratory judgment action. Plaintiffs settled the declaratory judgment action with Everest's co-defendants,

including one of Lindstrom's other auto insurers, Old Republic General Insurance Corp., which agreed to pay $1,000,000.

Thereafter, plaintiffs and Everest filed cross-motions for summary judgment, and in December 2018, the motions were argued before Judge Thurber. On March 26, 2019, she entered orders denying plaintiffs' motion for summary judgment, thereby dismissing plaintiffs' complaint with prejudice. She found plaintiff D'Andrea was not insured under the Everest policy and Everest was not given timely notice of the claim. Plaintiffs filed a motion for reconsideration, and on July 12, 2019, the judge denied that motion. This appeal followed.

When reviewing an order granting summary judgment, we apply "the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). R. 4:46-2(c). We owe no special deference to the trial court's conclusions on issues of law. Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995). "We apply a de novo standard of review when evaluating whether summary judgment was proper." Simonetti v. Selective Ins. Co., 372 N.J. Super. 421, 427 (App. Div. 2004).

A-5126-18T2

On appeal, plaintiffs contend Judge Thurber erred when she found Crumley was not using an Everest-insured vehicle when the accident occurred, and they assert error in the court's ruling that their claims were barred due to their late notice to Everest.

Plaintiffs argue that Crumley should be afforded additional insured status under the Everest policy because he was using the Lindstrom truck to load and unload the welders. They argue Crumley's injury happened during an essential part of the task, and that therefore the completed operations doctrine applies because the task required loading and unloading welders.

New Jersey "courts have long recognized 'that the obligation to provide coverage in a loading and unloading accident arises from statute and therefore cannot be limited by contract.'" Potenzone v. Annin Flag Co., 191 N.J. 147, 152-53 (2007) (first quoting Ryder/P.I.E. Nationwide, Inc. v. Harbor Bay Corp., Inc., 119 N.J. 402, 407 (1990); then citing Bellafronte v. Gen. Motors Corp., 151 N.J. Super. 377 (App. Div. 1977)). Because New Jersey courts look to the "complete operation" of loading and unloading, "all that is required to establish coverage is that the act or omission which resulted in the injury was necessary to carry out the loading or unloading." Kennedy v. Jefferson Smurfit Co. & Container Corp. of Am., 147 N.J. 394, 396 (1997). "[T]he critical issue is

A-5126-18T2

whether" defendants' alleged acts or omissions were "an integral part of the [un]loading activity, and thus covered under the 'use' provision." Id. at 401.

Here, the pivotal question in this case is whether a substantial nexus exists between Crumley's injury and the use of the Lindstrom truck. After conducting a comprehensive survey and analysis of cases examining "loading and unloading," Judge Thurber decided the issue based on credible testimony that the condition of the work site was the reason the backhoe struck Crumley. The court observed:

> It was D'Andrea's decision, again, to dangle that 700 pound welder from a backhoe while crossing rough and uneven terrain, known by Monitzer to be marred by ruts and divots, crossing an area somewhere between 150 and 500 feet, in order to get the welder to a location, on property under D'Andrea's control, from which it could be loaded onto the Lindstrom trailer.

Based on this finding, Judge Thurber properly concluded there was no substantial nexus, and she did not err in granting Everest's motion for summary judgment.

Plaintiffs also argue the trial court erred in holding their claims are barred due to untimely notice because the statute of limitations for this contractual claim had not run. We reject that argument.

A-5126-18T2

In <u>Cooper v. Government Employees Insurance Co.</u>, 51 N.J. 86 (1968), the Supreme Court held that a breach of an insurance policy's notice provision will only result in a sustainable denial of coverage upon a demonstration of a likelihood of appreciable prejudice. <u>Id.</u> at 94. Everest was not named as a defendant potentially liable for the defense and indemnity of Crumley's claim until more than seven years after the accident, almost four years after settlement, and three years after plaintiffs filed this declaratory judgment action. We agree Everest was prejudiced by the delay in notification. The trial court found ACE, Lloyd's and Aspen had no motive to develop proofs that would defeat a loading and unloading claim, and that although Everest was able to depose Monitzer in 2016, he acknowledged that his memory of the event was not as clear as it had been in 2010. Based upon the record, the trial court did not err in finding that Everest was prejudiced by the late notification.

Plaintiffs' remaining arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5126-18T2